IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN 29 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

INTERCARATS, LLC,

    *Plaintiff*,

v.

UNITED PARCEL SERVICE, INC.,

    *Defendant*.

Civil Action No. 2:15CV42

## COMPLAINT

Intercarats, LLC, for its Complaint against United Parcel Service Inc. for violation of the Carmack Amendment 49 U.S.C. § 14706 respectfully states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. This civil action, pursuant to 49 U.S.C. § 14706 seeks damages against United Parcel Service, Inc. (hereinafter referred to as "Defendant" or "UPS") for actual loss and injury to freight.

2. This Court has jurisdiction pursuant to 49 U.S.C. § 14706 and 28 U.S.C. ¶ 1331 as the claim arises under Federal law and exceeds $10,000.00.

3. This Court is an appropriate venue pursuant to 28 U.S.C. 1391(b)(2) because the Eastern District of Virginia is the judicial district wherein substantially all of the events or omissions giving rise to the cause of action occurred.

### PARTIES

4. The Plaintiff, Intercarats, LLC ("Intercarats") is a Virginia limited liability company having its principal place of business in the Eastern District of Virginia.

5. Defendant, UPS, is a federally authorized motor carrier of goods in interstate commerce and is, upon information and belief, licensed by the Federal Motor Carrier Safety Administration; it

conducts substantial business and has the requisite minimum contacts in the Eastern District for purposes of this litigation.

## FACTS

6. On or about, July 3, 2014, UPS was contacted to pick up a package containing a diamond ring from Intercarat's Norfolk, Virginia location and deliver same to Los Angeles, California.

7. UPS was provided a description of the cargo to be shipped on UPS Freights Shipment Receipt which is attached hereto as **Exhibit A**.

8. UPS accepted the shipment parameters provided on the Shipment Receipt.

9. On or about July 5, 2014, the shipment was picked up by UPS in good, and in fact, brand new condition.

10. On or about July 7, 2014, UPS, after losing, misplacing or allowing the contents of the package to be stolen, delivered an empty package to Los Angeles, California.

11. The actual damages incurred, as a result of UPS' failure to deliver the package as received, are in the amount of $17, 246.70.

12. Intercarats filed a Notice of Claim in accordance with the Shipping Receipt and all applicable tariff conditions.

13. UPS denied the claim.

14. The damage or loss or theft to the contents of the package were not caused by any Act of God, public enemy, authority of law, of any act or default of Intercarats, or resulted from the nature or vice of the goods.

## VIOLATION OF CARMACK AMENDMENT

15. The foregoing allegations are incorporated as if fully set forth herein.

16. The Carmack Amendment to the Interstate Commerce Act, codified as 49 U.S.C. § 14706, provides in relevant part, as follows:

> [A] carrier and any other carrier that delivers the property and is providing transportation services or service subject to jurisdiction under subchapter I or II of chapter 135 or chapter 105[49 USCS §§ 13501 et seq. or ( 13531 or §§ 10501 et seq.] are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States...

17. UPS transports property, interstate and intrastate throughout the United States.

18. The goods covered by the Shipment Receipt (See Exhibit A) was delivered to UPS in good and brand new condition.

19. UPS lost, misplaced or allowed the goods to be stolen and never delivered the goods to its destination and the goods value exceed $10,000.00 as more particularly stated herein..

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Intercarats, LLC respectfully prays this Court award judgment against Defendant, for damages stated above, in the amount of Seventeen Thousand Two Hundred Forty Six Dollars and 70/100 ($17,246.70), costs of court and all other relief to which Plaintiff is justly entitled to at law.

Respectfully submitted,
INTERCARATS, LLC

Ronald J. Guillot, Jr., Esq. (VSB# 72153)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 217-9304 (Office)
(757) 337-2814 (Facsimile)
rguillot@siwpc.com
*Counsel for Plaintiff, Intercarats, LLC*